UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DOMINIC WOODFORD and DARLENE ANITA WOODFORD,<br>               Plaintiff,<br>v.<br><br>PENNY MARIE JULIA WOODFORD,<br>               Defendants.<br>_____ / | Case No. 24-10166<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 22)

Plaintiffs moved for appointment of counsel on June 21, 2024. (ECF No. 7). In support of their motion, they state that Plaintiff Darryl Woodward was placed on protective custody status, which limits his access to the law library to just one hour per day, and that he has very little time to research, has limited legal knowledge, and the issues in this case are complex. (ECF No. 22). There is no mention of Plaintiff Darlene Woodward's capabilities with respect to this litigation.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner

cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

The motion is **DENIED WITHOUT PREJUDICE**. Plaintiffs' personal property damage claims are not exceedingly complex. Though Plaintiff Darryl Woodford's access to the law library may be limited, there is no indication that Plaintiff Darlene Woodward cannot undertake research efforts on her own. In any event, should access to the law library hinder Plaintiff Darryl Woodford's ability to timely file a brief or a motion, Plaintiffs may file a simple motion requesting an extension of time explaining the reason for the request. And Plaintiffs has demonstrated that they have an adequate understanding of how to proceed with his case, as evidenced by filing an amended complaint and this motion to appoint counsel.

Plaintiffs may move for appointment of counsel again if they defeat a dispositive motion, such as a motion for summary judgment.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 15, 2024         s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 15, 2024.

s/Sara Krause
Case Manager
(810) 341-7850
