UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL DOMINIC WOODFORD and DARLENE ANITA WOODFORD, | Case No. 24-10166 |
| | F. Kay Behm United States District Judge |
| Plaintiffs, | |
| v. | Curtis Ivy U.S. Magistrate Judge |
| PENNY MARIE JULIA WOODFORD, | |
| Defendant. | |
| _____ / | |

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTION (ECF No. 26) TO MAGISTRATE JUDGE'S ORDER (ECF No. 25)**

## I.   PROCEDURAL HISTORY

This matter is before the Court on Plaintiffs' Objection for Consideration (ECF No. 26) on the Magistrate Judge's "Order Denying Motion for Appointment of Counsel (ECF No. 22)" (ECF No. 25). Plaintiffs Darryl Woodford and Darlene Woodford, citizens of Michigan, brought an action in January 2024 for property damage against Penny Woodford, a citizen of Ohio. Complaint, ECF No. 1. On June 21, 2024, Plaintiffs moved for appointment of counsel. Plaintiff's Motion, ECF No. 22. On July 15, 2024, Magistrate Judge Ivy denied Plaintiffs'

1

Motion. ECF No. 25 ("Magistrate Judge's Order" or "Order"). Plaintiffs timely objected to that Order. ECF No. 26.

For the reasons detailed below, the court finds that none of the objections state a clearly erroneous mistake requiring this court to set aside or modify the order and therefore **AFFIRMS** the order of the Magistrate Judge and **OVERRULES** Plaintiffs' objections.

## II. FACTUAL BACKGROUND

Plaintiff Darryl Woodford is currently a prisoner at the Genesee County Jail who does not have a high school diploma or GED. ECF No. 22, PageID.65. He alleges that, because he has been placed on "(PC)-protective custody status" in the jail since October 2023, his daily allotment of time in the law library is limited to one hour, from 9pm-10pm. He also alleges that is merely a maximum possible time which may be reduced if he has other daily tasks to complete.

Plaintiff Darlene Woodford is a 67-year-old woman who allegedly suffers from severe and lasting physical and cognitive impairment. ECF No. 22, PageID.66. Specifically, Plaintiffs allege that she has difficulty with some memory functions, neuralgia, and was immobilized on bed rest until early August, 2024. *Id.*

2

Plaintiffs essentially allege that Penny Woodford caused property damage to their home from January to June 2023 and caused emotional trauma to Darlene Woodford in the course of causing that damage. *See* ECF No. 1.

### III. STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations

omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

**IV. ANALYSIS**

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). There is no constitutional right to the appointment of counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). It is a privilege that is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To make the determination whether there are exceptional circumstances to appoint counsel, the court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Id.*

Plaintiffs asserts that the Magistrate Judge's Order is deficient, erroneous, and contains a reckless omission. ECF 26, PageID.78.

4

Specifically, Plaintiffs object that: 1) Plaintiffs' names were misspelled in the Order, 2) the Order incorrectly asserts that Plaintiff Darlene Woodford's capabilities of litigating the case were not mentioned in Plaintiff's Motion, and 3) the Order circularly finds that Plaintiffs are capable of proceeding without counsel because Plaintiffs capably filed a motion seeking appointment of counsel.  *See id.*

The court finds that the first objection, regarding the spelling of Plaintiffs' names, is not a sufficient reason to reconsider the Magistrate Judge's Order.  As to Plaintiffs' third objection, Plaintiffs are likely correct that the filing of a motion to appoint counsel cannot, on its own, be dispositive of the ability of Plaintiffs to represent themselves.  However, Plaintiffs also adequately filed an Amended Complaint and Motion for Default Judgment.  These two filings independently support a finding of Plaintiffs' ability to represent themselves.  The court therefore finds that the third objection also does not provide a sufficient reason to reconsider the Magistrate Judge's Order.

The second objection merits some discussion – although the Order states that "there is no indication that Plaintiff Darlene [Woodford] cannot undertake research efforts on her own," Plaintiffs' Motion does lay out some alleged reasons why Ms. Woodford might not be able to

5

undertake such efforts. *See* Plaintiff's Motion, ECF No. 22, PageID.66. Plaintiffs specifically allege that Darlene Woodford was on bed rest until August 1, 2024 and suffers from cognitive impairment. Those alleged facts implicate one of the *Lavado* factors, specifically the plaintiffs' ability to represent themselves, and were not explicitly considered in the Magistrate Judge's Order.

However, Plaintiffs' motion only sets out that Ms. Woodford was on bed rest until August 1 – which accepted as true, would still not be a permanent barrier to her participation. Additionally, although Plaintiffs' motion alleges that Ms. Woodford experiences cognitive impairment, which could plausibly impact her participation in legal research or writing, Daryl Woodford is able to conduct research and writing as well (albeit with time limitations on his use of the library). To that end, the Order indicates that if Plaintiffs encounter difficulty timely filing a brief or a motion, the court may offer additional extensions of time upon request due to Plaintiff Darryl Woodford's limited access to the law library. The Magistrate Judge also found, as to the other *Lavado* factors, that "Plaintiffs' personal property damage claims are not exceedingly complex" and that they have "demonstrated that they have an adequate understanding of how to proceed with his

6

case[.]" ECF No. 25, PageID.74.  In light of the Magistrate Judge's indication that the court will allow for some extensions of time based on Mr. Woodford's limited library access, the court could find that exceptional circumstances to appoint counsel do not exist in this case, and that conclusion was not clearly contrary to law.

This court also notes there is a clinic at the courthouse available to assist pro se parties.  Information about the clinic is available at http://www.mied.uscourts.gov/PDFFIles/Pro_Se_Clinic_2019.pdf.

## V.  CONCLUSION

Therefore, the Court **OVERRULES** Plaintiffs' Objections and **AFFIRMS** the Magistrate Judge's Order

**SO ORDERED**.

Date: November 4, 2024            s/F. Kay Behm
                                  F. Kay Behm
                                  United States District Judge